JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00502-DOC-DFM                    Date: March 24, 2026

Title: Jeffrey L. Bean v. inContact, Inc. et al

---

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

## I.   Background

This is an employment action. Plaintiff Jeffrey L. Bean ("Plaintiff") worked as an employee for Defendants inContact and Nice Systems. ("Defendants"). Complaint ("Compl.") (Dkt. 1-1, Ex. A) ¶ 8. Plaintiff worked for Defendants as a Senior District Sales Manager from on or about December of 2018 to his termination on September 26, 2025. Compl. ¶¶ 8-19.

On or about February 25, 2025, Plaintiff was diagnosed with tonsil cancer and informed Defendants of his need for medical treatment and a subsequent medical leave of absence on or about March 10, 2025. *Id.* ¶ 13. Defendant's granted Plaintiff's request for medical leave from April 8, 2025, to July 1, 2025. *Id.* Following the advice of his physician, Plaintiff requested an additional 30-day leave, as it was determined that he would require this extended leave after completing chemotherapy treatments. *Id.* ¶ 14. Defendants approved the request for this additional medical leave. *Id.* On June 29, 2025, Plaintiff suffered a heart attack and on July 27, 2025, Plaintiff requested an additional extension of his medical leave to allow for a full recovery, which Defendants granted. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00502-DOC-DFM                               Date: March 24, 2026
                                                             Page 2

¶ 15. On or about September 8, 2025, Plaintiff informed Defendants that he had been cleared to return to work on September 15, 2025. *Id.* ¶ 16. On September 10, 2025, Defendants' human resources representatives requested that Plaintiff provide a return-to-work letter from his attending physician outlining any restrictions and confirm Plaintiff's fitness to perform his job duties effectively. *Id.* On September 13, 2025, Plaintiff provided Defendants with a return-to-work letter from his attending physician advising that Plaintiff was fully cleared to return to work, with no work restrictions to be imposed on him. *Id.* ¶ 17. After submitting the requested documentation to Defendants, Plaintiff received no response and subsequently made two additional attempts to contact Defendants' human resources representatives to coordinate the logistics of Plaintiff's return. *Id.* ¶ 18. Defendants' human resources representatives scheduled a virtual meeting with Plaintiff for September 26, 2025, and informed Plaintiff that his employment was being terminated because his position was no longer available. *Id.*

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on January 22, 2026, against Defendants inContact and Nice Systems. *See generally* Compl. Defendants removed the case to this Court on February 26, 2026. *See generally* Not.

Plaintiff brought five causes of action for: (1) Wrongful Termination—Disability Discrimination in Violation of the California Fair Employment & Housing Act (FEHA); (2) Wrongful Termination—Retaliation for Requesting Medical Leave of Absence as a Reasonable Accommodation for Plaintiff's Physical Medical Disability and Medical Condition in Violation of the FEHA; (3) Wrongful Termination—Medical Condition Discrimination in Violation of the FEHA; (4) Age Discrimination and Wrongful Termination based on Age in Violation of the FEHA; and (5) Wrongful Termination—Failure to Engage in Interactive Process Prior to Defendant's Termination Decision in Violation of the FEHA. *See generally* Compl.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00502-DOC-DFM                                    Date: March 24, 2026
                                                                              Page 3

jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00502-DOC-DFM                              Date: March 24, 2026
                                                            Page 4

taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Not. ¶ 1. The Court disagrees.

Plaintiff does not expressly allege an amount in controversy over $75,000.00. *See generally* Compl. Accordingly, Defendants must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendants have not met its burden to show that the amount in controversy requirement is satisfied. The Court only considers lost wages in the period from termination until removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court *may grant* on that complaint *if the plaintiff is victorious*") (emphasis added). Here, Plaintiff claims he was terminated on September 26, 2025. Compl. ¶ 18-19. This case was removed on February 26, 2026. *See generally* Not. At the time of Plaintiff's termination, he was paid an annual salary of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00502-DOC-DFM                                      Date: March 24, 2026
                                                                                    Page 5

$150,000.00 (approximately $3,125.00 per week). *Id*. ¶ 20. Accordingly, Plaintiff's past economic damages at the time of removal are approximately $68,750.00.[1] *See* Not. ¶ 20. Plaintiff's lost wages of $68,750.00 do not reach the required $75,000.00 minimum.

Defendants also assert that emotional distress damages, punitive damages, and attorneys' fees could combine to exceed $75,000.00. Not. ¶¶ 22-27. However, this Court does not include these types of speculative damages (or civil penalties) when calculating the amount in controversy. *See Traxler*, 596 F.3d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendants have not satisfied their burden to show that more than $75,000.00 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[2] *See* the Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000.00. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500.00 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to

---

[1] $3,125.00 a week x approximately 22 weeks = $68,750.00

[2] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00502-DOC-DFM                              Date: March 24, 2026
                                                                            Page 6

justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. All pending hearings are accordingly vacated and removed from calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu
CIVIL-GEN